

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:13-CR-342 |
| v. | |
| KEVIN DALE (03) | |

## PLEA AGREEMENT

Kevin Dale, the defendant, Nancy Kennedy, the defendant's attorney, and the United States of America (the government), agree as follows:

1.  **Rights of the defendant**: Dale understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**: Dale waives these rights and pleads guilty to the offenses alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. § 841(a) and (b)(1)(B), Possession of a Controlled Substance with Intent to Distribute.

    Dale understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence:** The minimum and maximum penalties the Court can impose include the following for Count One:

   a. imprisonment of not less than 5 years and not more than 40 years;

   b. a fine not to exceed $5,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of at least 4 years, which is mandatory under the law and will follow any term of imprisonment. If Dale violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which is mandatory under the law, and which Dale agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Dale understands that the sentences in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Dale has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Dale will not be allowed to withdraw his plea if his sentences are higher than expected. Dale fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Dale agrees to pay the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Dale shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offenses of conviction. Upon demand, Dale shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Dale expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the court. Dale fully understands that any financial obligation imposed by the court, including restitution and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, he agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Dale understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court. Dale further agrees that he will not seek employment with any federal, state or local law enforcement agency.

7. **Government's agreement**: The government will not bring any additional charges against Dale based upon the conduct underlying and related to Dale's plea of guilty. The government will file a Supplement to this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending Indictment. This agreement is limited to the United States Attorney's Office for the Northern District of

Texas, and does not bind any other federal, state or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Dale or any property. In addition, this agreement does not prohibit the government from pursuing any criminal charges unrelated to the charges set out in the Superseding Information.

8. **Violation of agreement**: Dale understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Dale for all offenses of which it has knowledge. In such event, Dale waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Dale also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and are not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Dale waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Dale, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c)

to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel:** Dale has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Dale has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Dale has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 4 day of August, 2014.

_____
KEVIN DALE
Defendant

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
TALY HAFFAR
Assistant United States Attorney
Texas State Bar No. 00789328
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Telephone:   214.659.8821
Facsimile:    214.659.8804
Email: taly.haffar@usdoj.gov

_____
NANCY KENNEDY
Attorney for Defendant

_____
RICK CALVERT
Deputy Criminal Chief

Plea Agreement - Page 5

I have read this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
KEVIN DALE

8-4-14
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
NANCY KENNEDY
Attorney for Defendant

8-4-14
Date

Plea Agreement - Page 6